## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KYLE MAURICE PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1453 RLW |
| | ) |
| MATTHEW BLACK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner currently incarcerated at Saint Genevieve County Detention Center, seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $19.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense. *Id.* at 679. When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, who is currently incarcerated at Saint Genevieve Detention Center, brings this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971),[1] alleging violations of his civil rights. He brings this action against nine defendants: Detective Matthew Black; United States Attorney Richard G. Callahan; Assistant United States Attorney Howard Marcus; Assistant United States Attorney Jennifer Winfield; Sergeant Adam Kavanagh; Paul Yadlosky; John Halliday; Mike Slaughter; and Jared Queen.

On January 12, 2017, plaintiff was found guilty by a jury trial of: (1) one count of transportation of a minor to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2); (2) two counts of attempted transportation of a minor to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2); and (3) six counts of transportation with intent to engage in prostitution, in violation of 18 U.S.C. § 2421(a). *See United States v. Parks*, 4:15CR553 JAR (E.D.Mo.). Plaintiff was sentenced to a total term of 300 months' imprisonment. *Id.*

In the "Statement of Claim" in the instant complaint, plaintiff seemingly refers to his criminal conviction in some manner when he states, "Detective Matthew Black planted evidence in my van on the date of December 4, 2015. Richard G. Callahan was informed and did nothing." For each of the additional defendants he states that they "were informed" or "knew evidence was planted" and "did nothing."

## Discussion

---

[1] A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Plaintiff's allegations fail to state a claim upon which relief may be granted as stated. He has failed to articulate any factual allegations in his complaint relative to each of the individual defendants. *See Iqbal*, 556 U.S. at 678. In order to state a claim under either a *Bivens* or § 1983 action, plaintiff must articulate, for each individual defendant, exactly how that person violated his Constitutional rights.[2]

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." See *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on the Court's form. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

**Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.**

---

[2]Plaintiff should keep in mind that when a prosecutor is acting as advocate for the court in a criminal prosecution, the prosecutor is entitled to absolute immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

*Id.* **The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.**

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty (30) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $19.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

---

[3] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court

will dismiss this action without prejudice.

Dated this _11th_ day of May, 2017.

_Ronnie L. White_

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE